UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL BRADY, et al.,

　　　　　Plaintiffs,

　　vs.

AUTOZONE STORES, INC., and AUTOZONERS LLC,

　　　　　Defendants.

CASE NO. C13-1862 RAJ

ORDER

## I. INTRODUCTION

This matter comes before the Court on the parties' submissions regarding the impact of a Washington Supreme Court Advisory Opinion on this Court's Class Certification Order, which denied Plaintiff Michael Brady's ("Mr. Brady" or "Plaintiff") Motion for Class Certification. Dkt. ## 80-85. After consideration of the parties' briefing, the Opinion from the Washington Supreme Court, the record and pleadings in this case, and this Court's previous Orders, this Court declines to amend its prior Class Certification Order. Based on the record before it, the Court finds that Mr. Brady still has not met his burden to show that common issues of law or fact predominate to make class action the superior vehicle.

Accordingly the Court will not disturb its prior Order denying class certification. This Order also concludes with a deadline for the parties to issue another joint statement on a schedule for trying Mr. Brady's individual claims.

## II. BACKGROUND

In September 2013, Plaintiff Michael Brady filed an Amended Class Action Complaint in state court seeking unpaid wages for meal breaks that Defendants allegedly withheld from employees. Dkt. # 1. In response, Defendants sought removal to a federal venue pursuant to 28 U.S.C. § 1332(d). *Id.* Mr. Brady later moved this Court to certify a class. Dkt. # 23. Mr. Brady moved to certify the following two classes:

> Class 1: All former and current hourly-paid AutoZone store employees who worked more than five hours in a day but did not receive a meal break within five hours of the start of their shifts, for the period of September 25, 2010, to the date of the Class Notice.
> Class 2: All former and current hourly-paid AutoZone store employees who worked more than five hours after the conclusion of a meal break but did not receive a second meal break within five hours after the conclusion of the first meal break, for the period of December 12, 2009, to the date of the Class Notice.

*Id*. Mr. Brady relied primarily on establishing a classwide basis for liability through the use of certain AutoZone time-card data, which would track whether an employee punched out after a period of five hours. *See, e.g.*, Dkt. # 23 at 10-13. After a thorough review of the relevant law and record before it, the Court concluded that Mr. Brady had failed to carry his burden under Federal Rule of Civil Procedure 23(b)(3) to show that (1) common questions of law and fact predominated over questions affecting individual members, and (2) that a class action was superior to other means to adjudicate the controversy. Dkt. # 62. The Court expressly denied the notion that Washington has adopted a strict liability approach to the taking of meal breaks, as Mr. Brady suggested. *Id*. at 9. In doing so, the Court found that class certification would be inappropriate considering the individuality component and unique fact scenarios associated with each

potential violation of the meal break statute. *Id.* at 11. Accordingly, the Court denied Mr. Brady's motion for class certification. *Id.*

Mr. Brady sought review of this denial in the Ninth Circuit Court of Appeals, but that court would not permit Mr. Brady to appeal the decision. Dkt. ## 63, 67. Instead of moving forward with his individual claims, Mr. Brady moved to certify two questions to the Washington Supreme Court: (1) whether monetary damages are available for violations of WAC 296-126-092; and (2) whether a plaintiff must show the reason for why he did not receive a timely meal break in order to prove a violation of WAC 296-126-092. Dkt. # 68.

This Court granted Mr. Brady's motion to certify in part, but certified two different questions for the Washington Supreme Court:

1. Is an employer strictly liable under WAC 296-126-092?
2. If an employer is not strictly liable under WAC 296-126-092, does the employee carry the burden to prove that his employer did not permit the employee an opportunity to take a meaningful break as required by WAC 296-126-092?

Dkt. # 73. The Washington Supreme Court ruled that the answer to the first question was "no," because employees may waive their meal breaks. *Brady v. AutoZone Stores, Inc.*, 188 Wn.2d 576, 582 (2017). As to the second question, the Washington Supreme Court stated that "an employee asserting a meal break violation under WAC 296-126-092 can meet his or her prima facie case by providing evidence that he or she did not receive a timely meal break." *Brady*, 188 Wn.2d at 584. Once this happens, "[t]he employer may then rebut this by showing that in fact no violation occurred or a valid waiver exists." *Id.* at 584-85.

Following the Opinion from the Washington Supreme Court, this Court ordered the parties to file a legal memorandum "addressing the impact, if any," that the opinion issued by the Washington Supreme Court has on this Court's Order denying class

certification. Dkt. # 80. Both parties submitted a memorandum and reply. Dkt. ## 81-85.[1]

### III. LEGAL STANDARD

The court's decision to certify a class is discretionary. *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 944 (9th Cir. 2009). Federal Rule of Civil Procedure 23 guides the court's exercise of discretion. A plaintiff "bears the burden of demonstrating that he has met each of the four requirements of Rule 23(a) and at least one of the [three alternative] requirements of Rule 23(b)." *Lozano v. AT&T Wireless Servs., Inc.*, 504 F.3d 718, 724 (9th Cir. 2007). Rule 23(a) requires a plaintiff to demonstrate that the proposed class is sufficiently numerous, that it presents common issues of fact or law, that it will be led by one or more class representatives with claims typical of the class, and that the class representative will adequately represent the class. *Gen. Tel. Co. of the S.W. v. Falcon*, 457 U.S. 147, 161 (1982); Fed. R. Civ. P. 23(a). If a plaintiff satisfies the Rule 23(a) requirements, he must also show that the proposed class action meets one of the three requirements of Rule 23(b). *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1186 (9th Cir. 2001). A party seeking class certification must affirmatively demonstrate his compliance with [Rule 23]—that is, he must be prepared to prove that there are in fact sufficiently numerous parties, common questions of law or fact, etc." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351 (2011); *see also Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013) (requiring the party seeking certification to affirmatively demonstrate compliance with Rule 23 "through evidentiary proof"). While the defendant has the

---

[1] The Court notes that Defendants' submissions are replete with footnoted legal citations, which this Court strongly disfavors. Dkt. ## 81, 85. Footnoted citations serve as an end-run around page limits and formatting requirements dictated by the Local Rules. *See* Local Rules W.D. Wash. LCR 7(e). Moreover, several courts have observed that "citations are highly relevant in a legal brief" and including them in footnotes "makes brief-reading difficult." *Wichansky v. Zowine*, No. CV-13-01208-PHX-DGC, 2014 WL 289924, at *1 (D. Ariz. Jan. 24, 2014). Should Defendants continue in this practice, the Court will disregard any argument or legal citation contained in footnotes.

burden of proof on the merits of its affirmative defenses, plaintiffs have the burden of proof in regard to satisfying Rule 23. *Marlo v. United Parcel Services, Inc.*, 639 F.3d 942, 947 (9th Cir. 2011). The court may grant certification only after "a rigorous analysis . . . [determining] that the prerequisites of Rule 23(a) have been satisfied." *Dukes*, 564 U.S. at 350-51. If a court is not fully satisfied that the requirements of Rules 23(a) and (b) have been met, it should deny certification. *Falcon*, 457 U.S. at 161.

A district court's order granting or denying class certification is subject to later modification. *See* Fed. R. Civ. P. 23(c)(1)(C) ("An order that grants or denies class certification may be altered or amended before final judgment"); *see also Officers for Justice v. Civil Serv. Comm'n of City & Cty. of San Francisco*, 688 F.2d 615, 633 (9th Cir. 1982) ("[B]efore entry of a final judgment on the merits, a district court's order respecting class status is not final or irrevocable, but rather, it is inherently tentative."). Although certification decisions are not to focus on the merits of a plaintiff's claim, a district court reevaluating the basis for certification "may consider its previous substantive rulings in the context of the history of the case, and may consider the nature and range of proof necessary to establish the class-wide allegations." *See Marlo v. United Parcel Serv., Inc.*, 251 F.R.D. 476, 479 (N.D. Cal. 2008).

## IV. DISCUSSION

Brady continues to seek certification under Fed. R. Civ. P. 23(b)(3). A class may be certified under this subdivision if: (1) common questions of law and fact predominate over questions affecting individual members, and (2) if a class action is superior to other means to adjudicate the controversy. Fed. R. Civ. P. 23(b)(3).

The "predominance" and "superiority" prongs of Rule 23 work together to ensure that certifying a class "would achieve economies of time, effort, and expense, and promote . . . uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 615 (1997) (internal citation and quotation omitted). A "central

concern of the Rule 23(b)(3) predominance test is whether 'adjudication of common issues will help achieve judicial economy.'" *Vinole*, at 944 (quoting *Zinser*, 253 F.3d at 1189). Thus, the Court must determine whether resolution of common questions would resolve a "significant aspect" of the class members' claims such that there is "clear justification" for class treatment. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1022 (9th Cir. 1998) (citations omitted).

### A. Mr. Brady Has Still Failed to Prove Predominance

To meet the predominance requirement, common questions of law and fact must be "a significant aspect of the case . . . [that] can be resolved for all members of the class in a single adjudication." *Mazza v. Am. Honda Motor Co., Inc.*, 666 F.3d 581, 589 (9th Cir. 2012) (internal quotations omitted). Brady primarily seeks to show violation of the WAC meal period provision (and thereby class-wide liability) through time-card "punch-in/punch-out" data, which he contends shows a "violation" of the statute each time an employee punched out after the five-hour mark.[2] The Court is thus tasked with determining whether this data alone is, in light of the opinion of the Washington Supreme Court, sufficient to overcome Plaintiff's burden of establishing predominance. The Court previously concluded that this evidence was not sufficient, and sees no reason to deviate from its earlier determination.

Put simply, the Court still does not believe that the time-card data is a reliable indicator, as Mr. Brady contends, that a particular employee did not "receive" a meal break. As AutoZone notes, the time-card data only shows that a particular employee worked a 5+ hour time block. Because the Washington Supreme Court held that strict liability does not exist under WAC 296-126-092 for any missed meal breaks, the Court

---

[2] Although Mr. Brady previously sought to establish classwide liability through certain AutoZone written policies, this evidence was rejected by this Court, and Brady does not challenge that part of the ruling or address these policies in his current briefing. Dkt. # 62 at 13-14. Accordingly, this argument seemingly abandoned, the Court will not consider it here.

ORDER- 6

cannot conclude that a 5+ hour time punch is prima facie evidence of a violation. As this Court already observed, the time-card data does not "distinguish between meal breaks taken and not punched, meal breaks not taken at the employee's discretion, and meal breaks not taken because AutoZone denied the employee a meaningful opportunity." Dkt. # 62, at 11.

AutoZone already presented a plethora of evidence in the form of declarations and other records indicating that there were many reasons why a 5+ hour time block did not adequately indicate that an employee did not receive a meal break. Dkt. # 62 at 11-12. AutoZone submitted dozens of declarations from AutoZone employees verifying that the time-card data would not reflect, for instance, when employees work on personal matters on company time, when employees take paid meal breaks on the clock, or when employees forget to punch out. *See, e.g.*, Dkt. ## 46-1, 46-2, 46-19. Mr. Brady does not address or contest this evidence. Taken as whole, these declarations cast serious doubt into the ability of the AutoZone time-card data alone to indicate that a particular employee did not "receive" a timely meal break simply because of a 5+ hour time punch on their AutoZone record. Plaintiff's proffered evidence is simply not a reliable indicator of whether a meal break violation occurred, or of which individuals belong in the class. *See, e.g., In re Taco Bell Wage & Hour Actions*, No. 1:07-CV-1314-LJO-DLB, 2012 WL 5932833, at *11 (E.D. Cal. Nov. 27, 2012), *report and recommendation adopted sub nom. In re Taco Bell Wage & Hour*, No. CV F 07-1314 LJO DLB, 2013 WL 28074 (E.D. Cal. Jan. 2, 2013) (denying class certification based on time-card data because the "likelihood that the records are not accurate reflections of whether rest breaks were taken or not renders ascertainability in the class difficult").

Contrary to Mr. Brady's assertions, the Washington Supreme Court did not describe what it means to "receive" a timely meal break, or what evidence would show that an employee did not receive such a break. Mr. Brady suggests that the Washington Supreme Court specifically held that "payroll records" alone were sufficient evidence,

when submitted by plaintiffs, to establish that an employee did not receive a timely meal break. Dkt. # 82 at 7-9. This Court disagrees. The Washington Supreme Court raised the possibility that payroll records may be used by *defendants* in rebutting a prima facie claim by plaintiffs. *Brady*, 188 Wn.2d at 584-85 ("The employer may then rebut this [prima facie] showing by showing that in fact no violation occurred or a valid waiver exists . . . this should not be an onerous burden on the employer, who is already keeping track of the employee's time for payroll purposes."). The Washington Supreme Court said nothing about what sort of evidence was appropriate for plaintiffs to uphold their own burden of production. This Court has already held that the time-card data was not sufficient to establish predominance, and the Opinion does not address this issue.[3] As this Court predicted in its previous Order, this answer by the Washington Supreme Court "would not change the Court's denial of class certification because Mr. Brady has not met his burden either way with the submitted evidence." Dkt. # 73 at 4.

The time-card data could theoretically be more persuasive if accompanied by evidence of a common AutoZone policy, formal or informal, that applied to all class members and resulted in their respective alleged violations. But Mr. Brady still has not provided such evidence of a common policy or culture, or adequately alleged its existence. This Court has already ruled that Mr. Brady "failed to meet his burden of identifying a common method of proving AutoZone's liability." Dkt. # 62 at 11. This Court has already held that Mr. Brady did not present any evidence of an "unwritten policy or practice of coercion by AutoZone supervisors encouraging or incentivizing

---

[3] This Court does not necessarily believe that time-card data or payroll records are categorically incapable of proving that an employee did not receive a timely meal break. It is theoretically possible that some payroll records do provide reliable indicators as to whether an employee received a meal break, and these records may be sufficient to uphold plaintiff's burden of proving a prima facie violation. However, in this particular case, the specific time-card data offered by Mr. Brady is insufficient.

employees to skip breaks." *Id.* This continues to be the case. In his briefing, Mr. Brady again fails to allege or provide any common thread linking the smattering of time-card data to any common policy or action by AutoZone. Without this common thread, this Court cannot conclude that common issues of law or fact predominate over what still appears to be a highly individualized inquiry into whether an AutoZone employee properly received a meal break. *See, e.g., Dilts v. Penske Logistics, LLC*, 315 F.R.D. 591 (S.D. Cal. 2016) (finding that predominance was not met, with respect to subclass of employees alleging that employer violated California law by failing to provide required rest breaks, where there was no evidence that employer had common policy or practice of denying rest breaks that would support class-wide determination of liability).

      None of the additional authorities cited by Mr. Brady compel the certification under federal law of a meal break class based solely on the type to time-card data at issue here. Mr. Brady relies heavily on *Tyson Foods, Inc. v. Bouephakeo*, 136 S.Ct. 1036, 1048 (2016) in arguing that the time-card data is "the best and most reliable 'common method' for establishing liability." Dkt. # 82 at 8. This case is distinguishable because the plaintiffs in *Tyson Foods* had alleged and proven a common policy with respect to donning and doffing gear applied equally to all class members, and that was the driving force behind the alleged violations, not time-card data alone. *Tyson Foods* 136 S. Ct. at 1040. Mr. Brady alleges no such common policy applied to the violations he attributes to AutoZone. Similarly, the other federal authorities Mr. Brady relies on also considered situations there was also evidence and allegations of a "common policy" or practice producing the violations, in addition to any time-based data. *Vaquero v. Ashley Furniture Indus., Inc.*, 824 F.3d 1150, 1154 (9th Cir. 2016) (finding that compensation policy applied to entire class acted as common theory of liability); *Torres v. Mercer Canyons Inc.*, 835 F.3d 1125, 1135 (9th Cir. 2016) (affirming predominance finding because "the existence of a common policy" would "drive the resolution" of plaintiff's claims); *Yokoyama v. Midland Nat'l Life Ins. Co.*, 594 F.3d 1087, 1094 (9th Cir. 2010) (in

annuity-based consumer protection action, finding common theory of liability based on uniform written offering materials which controlled every purchase). Without a common practice, policy, or action by AutoZone that applies classwide, the Court would be forced to engage in a separate inquiry for nearly every potential class member to determine if the 5+ hour time punches at issue were truly meal break violations, or whether they were excused because of late punch-outs, waiver, or another valid defense. This approach is not mandated by any federal authority.[4]

Ultimately, Mr. Brady does not cite any authority that would compel this Court to certify the meal break class based solely on the proffered time-card data. This Court has already held that the time-card data was merely "conjecture" and "conclusion," which is not enough to establish predominance. Dkt. # 73 at 4. Nothing in Mr. Brady's submission or the Washington Supreme Court Opinion changes this. Even under the test put forth by the Washington Supreme Court, this Court does not believe that the time-card data in this case, by itself, establish a classwide basis for liability by supporting a finding that an employee did not receive a timely meal break.

1. <u>Individualized inquiries as to waiver would overwhelm common questions</u>

The Court also notes that proposed class members would be subject to affirmative defenses that turn on individualized factual allegations. "Affirmative defenses should be considered in making class certification decisions." *Waste Mgmt Holdings, Inc. v. Mowbray*, 208 F.3d 288, 295 (1st Cir. 2000) (quoting *Castano v. American Tobacco Co.*,

---

[4] Mr. Brady also relies on *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 688 (1946) *superseded by statute on other grounds*, Portal–to–Portal Act of 1947, Pub. L. No. 80–49, 61 Stat. 84. Dkt. # 82 at 9. The Court believes *Mt. Clemens* is of little importance to the question of whether to certify Mr. Brady's proposed class. *Mt. Clemens* was not a class action case and did not address the issue of predominance for class certification. The plaintiffs in *Mt. Clemens* were demanding unpaid compensation under the Fair Labor Standards Act for hours worked, but not properly recorded by their employer. *Id.* at 688. In that case the employers were not permitted to hide behind inadequate records as mitigating proof the employees did not work the hours they alleged. *Id*. *Mt. Clemens* presented a factual and legal scenario distinct from the present case, and concerned itself with damages, but provided no test for determining initial liability. *Id*.

84 F.3d 734, 744 (5th Cir. 1996) ("[A] court must understand the claims, defenses, relevant facts, and applicable substantive law in order to make a meaningful determination of the certification issues")). While it is true that the mere existence of affirmative defenses "does not compel a finding that individual issues predominate over common ones," *Williams v. Sinclair*, 529 F.2d 1383, 1388 (9th Cir. 1975), such defenses cannot be ignored when making a predominance decision. "[A] class cannot be certified on the premise that [the defendant] will not be entitled to litigate its . . . defenses to individual claims." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 367 (2011). "The potentially individualized nature of affirmative defenses requires that courts consider such defenses in undertaking the predominance analysis." *See* Newberg on Class Actions § 4:55 (5th ed. 2017). Moreover, as the Supreme Court has ruled, individualized damage issues can defeat predominance if they "overwhelm questions common to the class." *See Comcast Corp. v. Behrend*, 569 U.S. 27, 34, 133 S. Ct. 1426, 1433, 185 L. Ed. 2d 515 (2013) (reversing certification of class because lower court failed to consider damages arguments, as in this case "[q]uestions of individual damage calculations will inevitably overwhelm questions common to the class").

As the Washington Supreme Court has made clear, employers are entitled to rebut claims of violations under WAC 296-126-092 with evidence for the affirmative defense that the individual waived their break. *Brady*, 188 Wn.2d at 584-85. Here, the record indicates that dozens, if not hundreds, of AutoZone employees waived their meal breaks in various ways. AutoZone has submitted a multitude of evidence and dozens of declarations that these waivers, which could be written, verbal, or implied, were commonplace in AutoZone stores throughout the State of Washington. Dkt. ## 46-5 to 46-19. AutoZone also submitted evidence that the waiver practices varied between different AutoZone stores, and were sometimes tailored to individual AutoZone employees based on the employee's request. *See, e.g.*, Dkt. # 45 at 8-9. This defense does not simply go to damages; it goes to the underlying liability under WAC 296-126-

092. In order to ascertain classwide composition and liability, the Court would thus be forced to engage in an individualized inquiry for thousands of employees to determine if a WAC 296-126-092 violation occurred, whether the individual is properly included in the class, and the extent of their damages. The presence of these individualized inquiries to determine liability and then damages would make a class proceeding unmanageable.

Ultimately, although the Washington Supreme Court opinion does not directly mirror this Court's Order, there is nothing in that Opinion that changes the deficiencies in the evidence submitted by Mr. Brady in support of certification. The Opinion did not relieve Mr. Brady of his burden under federal law to prove, with adequate evidence, the predominance of common issues of fact or law over individual differences. The time-card data that Mr. Brady relies upon is still not individual or common proof that each employee did not receive a meal break, and is subject to individual proof of waiver for each employee and each alleged violation. The Court finds that Mr. Brady still has not met his burden on predominance with the evidence he provided.

**B.      Mr. Brady Has Still Failed to Prove Superiority**

The Court also finds that Mr. Brady has still failed on the superiority prong. "If each class member has to litigate numerous and substantial separate issues to establish his or her right to recover individually, a class action is not superior." *Zinser v. Accufix Research Institute, Inc.*, 253 F.3d 1180, 1192 (9th Cir. 2001) (internal quotation marks omitted). As discussed above, the determination of whether or not the putative class members either missed, waived, or did not receive their meal breaks would require individual inquiries for almost every individual claimed to be in the class. The Court is still not convinced, as was Plaintiff's burden, that the class action is a superior vehicle by which to litigate these numerous individual inquiries. The Court's earlier decision that Mr. Brady failed to carry his burden under the superiority prong of Rule 23(b)(3) stands.

## V. CONCLUSION

For the reasons stated above, this Court declines to disturb its earlier ruling denying Mr. Brady's Motion for Class Certification. Based on the record before it, the Court finds that Mr. Brady still has not met his burden to show that common issues of law or fact predominate to make class action the superior vehicle.

In the Court's previous Class Certification Order, the Court instructed the parties to meet and confer to discuss a schedule for trying Mr. Brady's individual claims. Dkt. # 62 at 15. Because Mr. Brady then proceeded to appeal this Court's Order and request a stay of Mr. Brady's individual claims, this joint submission never occurred in earnest. Accordingly, the Court again orders the parties to meet and confer regarding a schedule for trying Mr. Brady's individual claims, and to file a joint statement no later than two weeks from the date of this Order.

DATED this 23rd day of July, 2018.

_____
The Honorable Richard A. Jones
United States District Judge