**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL BRADY,<br>*Plaintiff-Appellant*,<br><br>v.<br><br>AUTOZONE STORES, INC.;<br>AUTOZONERS LLC,<br>*Defendants-Appellees.* | No. 19-35122<br><br>D.C. No.<br>2:13-cv-01862-<br>RAJ<br><br>OPINION |

Appeal from the United States District Court
for the Western District of Washington
Richard A. Jones, District Judge, Presiding

Argued and Submitted March 2, 2020
Submission Withdrawn March 3, 2020
Resubmitted May 27, 2020
Seattle, Washington

Filed June 3, 2020

Before:  Sandra S. Ikuta, Ryan D. Nelson, and
Danielle J. Hunsaker, Circuit Judges.

Opinion by Judge R. Nelson

2                BRADY V. AUTOZONE STORES

## SUMMARY*

### Class Action / Mootness

The panel dismissed, as moot, an appeal from the district court's judgment in a putative class action after voluntary settlement of individual claims.

The panel held that when a class representative voluntarily settles only his individual claims without indicating any financial stake in the unresolved class claims, the class claims are rendered moot.

The panel rejected plaintiff's arguments to the contrary. The panel held that it could not assume that plaintiff maintained a financial stake in the outcome of the case merely because of a potential class representative enhancement award. The panel also held that absent proof that plaintiff was legally obligated to pay the advanced legal costs unless the class was certified, those costs did not provide plaintiff a financial stake in the outcome of the class claims.

### COUNSEL

Michael C. Subit (argued) and Christie J. Fix, Frank Freed Subit & Thomas LLP, Seattle, Washington, for Plaintiff-Appellant.

---

* This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

Todd L. Nunn (argued), and Patrick M. Madden, and Stephanie Wright Pickett, K&L Gates LLP, Seattle, Washington, for Defendants-Appellees.

Toby J. Marshall and Blythe H. Chandler, Terrell Marshall Law Group PLLC, Seattle, Washington; Jeffrey L. Needle, Law Office of Jeffrey L. Needle, Seattle, Washington; for Amicus Curiae Washington Employment Lawyers Association.

Robert W. Ferguson, Attorney General; James P. Mills, Assistant Attorney General; Office of the Attorney General, Tacoma, Washington; for Amicus Curiae Washington State Department of Labor and Industries.

## OPINION

R. NELSON, Circuit Judge:

This case requires us to decide what happens when a class representative voluntarily settles only his individual claims without indicating any financial stake in the unresolved class claims. We conclude that such a scenario renders the class claims moot, and therefore dismiss this appeal.

## I

Plaintiff Michael Brady sued AutoZone Stores, Inc. and Autozoners LLC ("AutoZone"), seeking damages individually and on behalf of a putative class, for alleged violations of Washington's meal break laws. After several years of litigation, the district court denied Brady's motion for class certification and later declined to modify its ruling. Brady then settled his individual claims with AutoZone.

The settlement agreement resolved those claims, including claims for meal break, wage, and unfair business practice violations, for $5,000. The agreement also resolved Brady's "claims to costs or attorneys' fees." The settlement agreement was "not intended to settle or resolve Brady's Class Claims." But it did not provide that Brady would be entitled to any financial reward if the unresolved class claims were ultimately successful.

The parties filed a stipulation in the district court explaining that the settlement agreement resolved all of Brady's individual claims, "including but not limited to claims for failure to provide meal periods, unpaid wages, wrongfully withheld wages, unfair business practices, and attorneys' fees." The district court then entered final judgment, and this appeal of the class certification rulings followed.

## II

"A moot action is one where 'the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.'" *Nw. Envtl. Def. Ctr. v. Gordon*, 849 F.2d 1241, 1244 (9th Cir. 1988) (quoting *Murphy v. Hunt*, 455 U.S. 478, 481 (1982) (per curiam)). "The test for whether an appeal is moot after the putative class representative voluntarily settles his individual claims is whether the class representative retains a personal stake in the case." *Campion v. Old Republic Prot. Co.*, 775 F.3d 1144, 1146 (9th Cir. 2014). That "personal stake" must be "concrete" and "financial," *id.*, a question that "turns on the language of [the] settlement agreement," *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1021 (9th Cir. 2012).

Our cases applying these rules are instructive.  In *Narouz v. Charter Communications, LLC*, 591 F.3d 1261 (9th Cir. 2010), we addressed, for the first time, the question of mootness in a putative class action after voluntary settlement of individual claims.  In that case, a class representative voluntarily settled all claims "aside from those related to [his] class allegation," after which the district court entered judgment.  *Id.* at 1263 (internal quotation marks omitted).  On appeal, the defendant argued that the case was moot because the class representative no longer had any interest in the class claims.  *Id.* at 1264.  We disagreed.  *Id.* at 1265.  Looking to the language of the settlement agreement, we noted that the class representative would receive an "award enhancement fee" if a class were certified and that he did not release claims for "attorney's fees and costs."  *Id.*  Based on these provisions, we held that the class representative maintained "a continued financial interest in the advancement of the class claims" such that the case was not moot.  *Id.*

We next addressed this issue in *Evon*.  There, a class representative accepted a Rule 68 offer of judgment that settled her individual claims but was silent as to her class claims.  688 F.3d at 1020–23.  Because the settlement agreement did not expressly disclaim the class representative's class claims, we held that those claims were not moot.  *Id.*  We did not directly address whether the class representative maintained a "continued financial interest," *Narouz*, 591 F.3d at 1265, in the class claims.  *See Evon*, 688 F.3d at 1021.

After *Evon*, then, the state of the law was slightly unclear.  Did a settling class representative retain a personal stake if he did not disclaim class claims in the settlement agreement, as in *Evon*?  Or, was more specific contractual

language necessary to show an ongoing personal stake, as in *Narouz*?  Those questions were clarified in *Campion*.  In that case, the class representative settled his individual claims, but the settlement agreement explicitly did not resolve his class claims.  775 F.3d at 1145.  We explained that our case law required "a more concrete interest"—that is, a "financial interest"—to avoid mootness.  *Id.* at 1146.  We also noted that the *Evon* panel had no need to address that requirement because the *Evon* class representative had such an interest— the potential to receive a higher attorney's fees award.  *Id.* at 1146–47.  We then held that the *Campion* representative's claims were moot because the settlement agreement at issue did not provide additional compensation for resolution of class claims beyond the individual settlement.  *Id.* at 1147.

These cases dictate the outcome here.  Brady's settlement agreement does not indicate he will receive any additional compensation for the class claims, unlike the agreement in *Narouz*.  Nor can Brady point to the possibility of an award of attorney's fees, like the representatives in *Narouz* and *Evon*, because his agreement settled any claim to attorney's fees.  Instead, this case is like *Campion*:  while Brady expressly did not resolve the class claims, he did not retain a financial stake in them.  Accordingly, as in *Campion*, those claims are moot.

This holding makes practical sense.  When Brady sued AutoZone, he could bring only his own claims.  Although he invoked Federal Rule of Civil Procedure 23 and asked the district court to hear the claims of putative class plaintiffs, the court denied certification.  Brady then settled his own claims.  Having done so, he would ordinarily have no interest in the claims of the putative class plaintiffs.  Any financial interest Brady might have in helping them pursue their claims would therefore have to stem from an agreement.

Because Brady has pointed to no such agreement, he "lack[s] a legally cognizable interest in the outcome" of the class claims, rendering those claims moot.  *Gordon*, 849 F.2d at 1244 (internal quotation marks omitted).

Brady's arguments to the contrary are unpersuasive. Brady first argues that this case is not moot because he could still receive a class representative enhancement award.  But our cases require us to consider the "language of [the] settlement agreement." *Campion*, 775 F.3d at 1146 (internal quotation marks omitted).  And here, unlike in *Narouz*, there is no indication that Brady can or will receive an enhancement award.   We cannot assume that Brady maintains a financial stake in the outcome of this case merely because of a potential enhancement award.  *Narouz*, 591 F.3d at 1265; *see also Espenscheid v. DirectSat USA, LLC*, 688 F.3d 872, 874 (7th Cir. 2012) (holding that class claims were not moot after the settlement of individual claims because of "a provision of the settlement agreement" allowing for "an incentive award" to class representatives).

Brady also argues that, unless the class is certified, he will be liable to his attorneys for $35,562.73 in advanced litigation costs.  He cites Washington Rule of Professional Conduct 1.8(e)(2), which provides an exception to the general rule that a lawyer not give financial assistance to a client by allowing for contingency arrangements in "matters maintained as class actions."  According to Brady, this Rule means that the costs accrued in this litigation are his responsibility—not his attorneys'—unless the class is certified.

Whatever the meaning of this Rule, it does not control Brady's financial obligations.  And there is no evidence of those obligations here.  Brady has submitted no document— such as an engagement letter or an affidavit—showing an

agreement to pay costs unless the class is certified.  Nor has he cited any statute or rule imposing a legal obligation on him in the absence of a written agreement.  Absent proof that Brady is legally obligated to pay the advanced legal costs unless the class is certified, those costs do not provide Brady a financial stake in the outcome of the class claims.

In sum, we hold that when a class representative voluntarily settles his individual claims, he must do more than expressly leave class claims unresolved to avoid mootness.  A class representative must also retain—as evidenced by an agreement—a financial stake in the outcome of the class claims.  Absent such a stake, a class representative's voluntary settlement of individual claims renders class claims moot.

This appeal is **DISMISSED** as moot.